Pennichuck Corp. v. City of Nashua     CV-04-187-JD  09/13/04
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Pennichuck Corporation, et al.

     v.                              Civil No. 04-187-JD
                                     Opinion No. 2004 DNH 134
City of Nashua


                              O R D E R


     The plaintiffs, Pennichuck Corporation and its subsidiaries

("Pennichuck"), brought federal civil rights claims and related

state law claims in state court.  The claims arise from the City

of Nashua's efforts to take Pennichuck's property by eminent

domain.  Nashua removed the case to this court.  At the same

time, Pennichuck has pursued a declaratory judgment action in

state court, challenging Nashua's actions and seeking injunctive

relief.  In addition, proceedings are continuing before the New

Hampshire Public Utilities Commission where Nashua has asked for

determinations that taking Pennichuck's assets by eminent domain

is in the public interest and as to the amount of damages that

must be paid for the taking.  Nashua moves to dismiss

Pennichuck's claims in this case, and Pennichuck objects.

## Standard of Review

In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 63 (1st Cir. 2002). The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

## Background

Pennichuck, through its subsidiaries that are regulated public utilities, provides water service to customers in Nashua and other New Hampshire towns. Pennichuck alleges that it entered into an agreement and plan of merger with Philadelphia Suburban Corporation in April of 2002 and sought approval from the New Hampshire Public Utilities Commission ("PUC"). Nashua and others intervened in the PUC proceeding.

While the PUC proceeding was pending, Nashua began the process of acquiring the water works system from Pennichuck. As

a result of Nashua's activities and in particular because of the possibility that Nashua would acquire the water works system by condemnation, Philadelphia Suburban Corporation reconsidered the merger, and the plan was terminated. When Pennichuck decided not to sell, Nashua began proceedings under New Hampshire Revised Statutes Annotated ("RSA") 38:10 to acquire the water works system by eminent domain.

Nashua then made an offer to acquire all of Pennichuck Corporation, which includes more than its public utility subsidiaries. The offer caused unusual trading in Pennichuck stock. Pennichuck interpreted Nashua's offer and its related activities as an effort to accomplish a hostile takeover. Pennichuck rejected Nashua's offer and filed the declaratory judgment action in state court to stop Nashua's attempt to condemn its property, alleging, among other things, that RSA 38 violated the equal protection clause and was unconstitutional on its face and as applied to it because it resulted in an inverse condemnation of its property. In March of 2003, Nashua filed a petition with the PUC to begin condemnation proceedings against the three Pennichuck subsidiaries that are public utilities. Pennichuck then filed suit in state court seeking damages on federal and state claims, and Nashua removed that suit to this court.

On August 31, 2004, the state court granted summary judgment in favor of Nashua in the declaratory judgment action on three claims and part of the fourth, which was Count II. The remainder of Count II was dismissed without prejudice at Pennichuck's request. The court concluded that RSA 38 is constitutional but that the issue of a right to a jury trial on damages was not ripe. Although Nashua provided a copy of that decision to this court, the parties have not addressed what, if any, effect the decision may have on the claims raised here.

## Discussion

In this case, Pennichuck alleges that Nashua's actions under RSA 38 violate its right to substantive due process and constitute an inverse condemnation in violation of the Fourteenth Amendment. Pennichuck also alleges related claims under the state constitution and state law. Nashua moves to dismiss all of the claims.

A.   Federal Claims

Pennichuck contends that Nashua's activities and in particular its action under RSA 38 have detrimentally affected Pennichuck's operations and business prospects. As a result, Pennichuck alleges, Nashua has violated its substantive due

4

process rights and caused an inverse condemnation of its property, actionable under 42 U.S.C. § 1983. Nashua moves to dismiss on the ground that the First Circuit's decision in Deniz v. Municipality of Guaynabo, 285 F.3d 142 (1st Cir. 2002), is dispositive of Pennichuck's federal claims.

In Deniz, the plaintiff, a real estate developer, owned property in the municipality of Guaynabo that he arranged to sell. Id. at 144. Before the closing, the buyer discovered that the municipality intended to take the property by eminent domain and backed out of the deal. Id. A second potential buyer backed out of a deal for the same reason. Id. When the plaintiff inquired, he was informed that the municipality did intend to take the property and was forbidden to renew the leases for the property. Id. at 145. As a result, tenants began to leave "the premises like rats deserting a sinking ship." Id.

The municipality, however, took no action, despite the plaintiff's continued inquiries. Id. He lost his income from the properties; he defaulted on his mortgage, and the mortgagee threatened to foreclose. Id. "Left in a bureaucratic limbo and concerned about his financial plight," the plaintiff brought suit, alleging that the municipality's actions amounted to an unconstitutional de facto taking and a violation of substantive due process. Id. He also brought supplemental claims under

5

Puerto Rico law.  The district court dismissed the federal claims and declined supplemental jurisdiction as to the remaining claims.

The First Circuit held that the plaintiff's federal claims were not ripe because he could not show an unconstitutional taking without first seeking compensation through state procedures.  Id. at 146.  The court noted an exception to the rule when "all potential state remedies are 'unavailable or inadequate.'"  Id. (quoting Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 196-97 (1985)).  "[T]his exception is narrowly construed, and the claimant must carry the heavy burden of showing unavailability or inadequacy."  Id.  The court concluded that the plaintiff would have to pursue a claim for inverse condemnation in the Puerto Rico courts before his federal claims would be ripe.[1]  Id. at 147-48.  The court also held that the plaintiff's substantive due process claim, based on the same circumstances as his takings claim, was subject to the exhaustion requirement.  Id. at 149.

In this case, there is no dispute that Pennichuck did not

---

[1]One of the plaintiff's arguments, that Puerto Rico would not recognize an inverse condemnation cause of action in the circumstances of his case, was based on untranslated cases from the Puerto Rico court, which provided insufficient support for his position.  Id. at 148.

pursue state remedies before bringing the federal claims in this case.[2] Instead, Pennichuck alleges state claims as a part of this suit, contending that Nashua's actions constitute inverse condemnation and violate due process under the state constitution and are intentional interference with contractual relations and unfair business practices, actionable under state law. Despite those allegations, Pennichuck states in its objection to Nashua's motion to dismiss that "these state remedies are inadequate in light of the damages sustained by them." Obj. at 12.

Pennichuck, however, provides no explanation as to why the state claims it has pled would provide an inadequate remedy. Instead, Pennichuck argues that it properly brought its state claims along with the federal claims in order to preserve judicial resources. That argument does not carry Pennichuck's burden to show that state remedies would be inadequate or unavailable. The court finds no basis to abstain from the federal claims, as is urged by Pennichuck. Therefore, the federal claims, Counts I and III, are dismissed without prejudice as unripe.

_____

[2]The fact that Pennichuck filed suit in state court does not save its federal claims.

B.   <u>State Law Claims</u>

When, as here, the court dismisses the federal claims that were the basis of original jurisdiction well before trial, the court may in its discretion decline to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(c). That is appropriate in this case.  See Cannarozzi v. Fiumara, 371 F.3d 1, 6 (1st Cir. 2004).  Therefore, the court declines supplemental jurisdiction and remands Pennichuck's state law claims.


Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is granted, without prejudice, as to Counts I and III.  The court declines to exercise supplemental jurisdiction as to the remainder of the claims.  The case is remanded to the New Hampshire Superior Court, Southern District of Hillsborough County.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 13, 2004

cc:   Thomas J. Donovan, Esquire
      Robert W. Upton II, Esquire

8